UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV66-3-MU

| | |
|---|---|
| TONY EUGENE HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JAMES ROY COOPER, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petitioner for Writ of Habeas Corpus filed on May 24, 2006 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be <u>dismissed</u> as time-barred.

## I. <u>Factual and Procedural Background</u>

According to his Petition, on September 14, 2001, Petitioner pled guilty to first degree sexual offense and four counts of indecent liberties with a child and was sentenced to 230 to 285 months imprisonment. Petitioner did not appeal his conviction and sentence. On or about November 13, 2002, more than one year following his conviction, Petitioner filed a Motion for Appropriate Relief which was denied on June 28, 2005, after an evidentiary hearing. During the time Petitioner's MAR was pending, he filed a writ for certiorari on December 23, 2003 which was dismissed on January 9, 2004. After his MAR was denied, Petitioner filed another writ of certiorari on November 4, 2005 which was denied by the North Carolina Court of Appeals on November 30, 2995. Petitioner filed another writ of certiorari on March 14, 2006 which was

1

dismissed on May 9, 2006. Petitioner filed the instant petition on May 24, 2006.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that Petitioner sustained his conviction and sentence on September 14, 2001 and Petitioner did not file a direct appeal. Instead, Petitioner

filed an MAR on or about November 13, 2002. Petitioner then spent substantial time pursuing his collateral review process in the North Carolina State court system. However, Petitioner allowed more than one year to elapse after his conviction and sentence before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here.

That is, the Petitioner's one-year period already had expired before he even began collateral review. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations. Indeed, this Court finds that it is not even required to acknowledge the Petitioner's initiation of collateral proceedings inasmuch as he filed his MAR well beyond the 10-day period provided for the initiation of such proceedings under North Carolina law. See N.C.G.S. §15A-1420(4).

No doubt, the Petitioner was aware that his Petition likely would be construed as time-barred.[1] In response to the question on his form-petition regarding timeliness, Petitioner stated

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the from] does not bar [such] motion." Accordingly, given the fact that the Petitioner has addressed the timeliness of his Petition – albeit unsuccessfully – the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

that his Petition was filed more than one year after his conviction because he "effortlessly motioned the state courts for relief in a timely consuming matter." (Petition at 14.) Needless to say, Petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant petition.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), cert. Denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

### IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

Signed: June 5, 2006

**SO ORDERED.**

Graham C. Mullen
United States District Judge