UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV66-3-MU

| | |
|---|---|
| TONY EUGENE HOWELL,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | **O R D E R** |
| ) | |
| JAMES ROY COOPER,  ) | |
| Respondent.  ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration (Document No. 4) filed on June 12, 2006. For the reasons stated herein, the Petitioner's motion will be <u>denied</u>.

## I. Factual and Procedural Background

According to his Petition (Document No. 1), on September 14, 2001, Petitioner pled guilty to first degree sexual offense and four counts of indecent liberties with a child and was sentenced to 230 to 285 months imprisonment. Petitioner did not appeal his conviction and sentence. On or about November 13, 2002, more than one year following his conviction, Petitioner filed a Motion for Appropriate Relief which was denied on June 28, 2005, after an evidentiary hearing. During the time Petitioner's MAR was pending, he filed a writ for certiorari on December 23, 2003 which was dismissed on January 9, 2004. After his MAR was denied, Petitioner filed another writ of certiorari on November 4, 2005 which was denied by the North Carolina Court of Appeals on November 30, 2995. Petitioner filed another writ of certiorari on

1

March 14, 2006 which was dismissed on May 9, 2006. Petitioner filed a habeas petition in this Court on May 24, 2006.

## II. <u>Analysis</u>

As previously stated in this Court's Order dismissing Petitioner's Habeas Corpus Petition (Document No. 2), in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted, the instant Petition reports that Petitioner sustained his conviction and sentence on September 14, 2001 and Petitioner did not file a direct appeal. Instead, Petitioner filed an MAR on or about November 13, 2002. Petitioner then spent substantial time pursuing his collateral review process in the North Carolina State court system. However, Petitioner allowed more than one year to elapse after his conviction and sentence before he initiated his unsuccessful collateral review proceedings in the North Carolina courts. Thus while the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here.

That is, the Petitioner's one-year period already had expired before he even began collateral review. Therefore, the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

In the instant motion, Petitioner asks this Court to reconsider its Order dismissing the Petition as time barred because Petitioner was not aware of the limitations period. Unfortunately, Petitioner has failed to articulate a proper basis for tolling the applicable limitation period, or for otherwise extending the time in which he had to file the instant petition. Moreover, Petitioner's stated reasons for not filing his habeas petition within the one-year limitations period will not save his petition. See Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999).

### III. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Reconsideration is Denied.

**SO ORDERED.**

Signed: June 20, 2006

Graham C. Mullen
United States District Judge